IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FRANK BRETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 12-1350-GMS |
| | ) |
| UNKNOWN BROTHER, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

The plaintiff, Frank Brett ("Brett"), filed this lawsuit on October 23, 2012. (D.I. 3.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 6.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915.

## I. BACKGROUND

Brett, who resides in Philadelphia, Pennsylvania, filed this case for discrimination based upon his religion. The complaint is written using, in what appears to be, a stream of consciousness method and relates the following non-related events. Brett alleges that: (1) he has been a witness to numerous felonies, but has been offered no protection; (2) the defendant Robert the Court Clerk ("Robert") violated his civil rights in three states; (3) he was slandered by non-defendant Attorney Baylor; (4) non-defendant Dominque Hardwood stated that they had sex; (5) the defendant Delaware State Police ("State Police") violated his civil rights, apparently at the Sunday Breakfast Mission, with two brothers who are Italian; (6) he was slandered by a former Delaware State Police Officer who preaches at the Sunday Breakfast Mission; (7) numerous other individuals, who live in Philadelphia, Pennsylvania, are picking on him; and (8) a Latin

man followed him. (*See* D.I. 3.) The complaint does not seek any type of relief, but the Civil Cover Sheet seeks one million dollars from each defendant.

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Brett proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant Brett leave to

amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 678. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that Brett has a "plausible claim for relief."[1] *Id.* at 211. In other words, the complaint must do more than allege Brett's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)).

---

[1] A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

3

## III. DISCUSSION

Brett alleges discriminatory by reason of religion but does not identify the religion he practices. In addition, it is unclear where the alleged discrimination occurred, but Brett refers to the defendants as residing at the Sunday Breakfast Mission in Wilmington, Delaware, so it may be this is the location. The remaining allegations are merely a series of events, none of which appear related.

After thoroughly reviewing the complaint, the court draws on its judicial experience and common sense and finds that the allegations are not plausible on their face. Indeed, the complaint consists of fantastical or delusional claims that are clearly baseless and they are insufficient to withstand this court's evaluation for frivolity dismissal. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Because the court finds the allegations the complaint wholly lacking in both terms of credibility and rationality, the complaint will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). In light of the nature of Brett's claims, the court finds that amendment would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976).

## IV. CONCLUSION

The court will dismiss the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). Amendment of the complaint would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004);

*Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976).

An appropriate order will be entered.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

Jan 10, 2013
Wilmington, Delaware